527 W. 48th St LLC v Strotz (2025 NY Slip Op 51003(U))

[*1]

527 W. 48th St LLC v Strotz

2025 NY Slip Op 51003(U)

Decided on June 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570415/25

527 West 48th St LLC, Petitioner-Landlord-Respondent,
against
Jason Strotz, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Yekaterina Blinova, J.), dated November 15, 2024, which denied his motion to vacate a default final judgment in a holdover summary proceeding.

Per Curiam.
Order (Yekaterina Blinova, J.), dated November 15, 2024, reversed, with $10 costs, motion granted, the default final judgment vacated and the petition dismissed.
Tenant demonstrated a reasonable excuse for failing to timely answer the holdover petition. Tenant's affidavit and documentary proof show that he was out-of-town for the holiday season when conspicuous service was made on December 21, 2023. Tenant also sufficiently demonstrated a potentially meritorious defense that the apartment had been illegally deregulated. We therefore exercise our discretion to vacate the default final judgment.
Moreover, the record shows that landlord failed to "complete" service of the notice of petition and petition by filing proof of service (RPAPL 735 [2] [b]) at least 10 days prior to the date the petition was noticed to be heard, as required by RPAPL 733 (1). Here, the petition was returnable on January 3, 2024, only eight days after the December 26th filing of the affidavit of service. In these circumstances, the petition must be dismissed (see Riverside Syndicate, Inc. v Saltzman, 49 AD3d 402 [2008]; Berkeley Assoc. Co. v Di Nolfi, 122 AD2d 703, 705 [1986], lv dismissed 69 NY2d 804 [1987]). Although asserted for the first time on appeal, we reach this issue because the deficiency is clear on the face of the record and could not have been avoided had it been raised before the motion court (see Balaguer v 1854 Monroe Ave. Hous. Dev. Fund Corp., 71 AD3d 407 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2025